## BOYD v. WINTE et al.

No. 7256—Opinion Filed Jan. 9, 1917.

Rehearing Denied May 15, 1917.

(164 Pac. 781.)

1. **Appeal and Error—Exclusion of Evidence —Error—Review.**

An order of the trial court, sustaining an objection to the introduction of evidence by the defendant for the reason that the answer fails to state facts constituting a defense, is a part of the record proper, and an error in making such order may be reviewed in this court upon transcript accompanied by a petition in error duly presenting the same.

2. **Trusts — "Resulting Trust" — Title to Property.**

"Resulting trusts" are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition or from accompanying facts and circumstances that the beneficial interest is not to go or be enjoyed with the legal title. In such a case a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner.

3. **Same—Statute of Frauds—Parol Evidence.**

Resulting trusts are not within the statute of frauds, and may be established by parol evidence, where such evidence is not otherwise incompetent.

4. **Same—Evidence.**

The conveyance to the plaintiff in error in this case of the real estate involved herein under the circumstances alleged in his answer held to create a resulting trust, and held, further, that the plaintiff in error took no beneficial interest in said real estate.

5. **Mortgages—Assumption in Conveyance— Consideration.**

A clause in a deed of conveyance of real estate, providing that the grantee assumes the payment of the mortgage indebtedness described therein, in order to be enforced against the grantee, must be supported by a consideration, and where the facts and circumstances surrounding the conveyance are such that a resulting trust is thereby cre-

ated, and the grantee takes no beneficial interest in the real estate conveyed, such conveyance is not a sufficient consideration to support the agreement to assume the payment of such mortgage indebtedness.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Charles Winte against A. W. Boyd and T. M. Daniel and wife, in which H. F. Vulbrock and another filed cross-petitions against defendants. Judgment for plaintiff and cross-petitioners, and defendant A. W. Boyd brings error. Reversed and remanded.

Wilson, Tomerlin & Buckholts, for plaintiff in error.

Keaton, Wells & Johnston and S. A. Horton, for defendants in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Oklahoma county by the defendant, in error, Chas. Winte, against T. M. Daniel and wife, and the plaintiff in error, to recover upon a promissory note executed by T. M. Daniel and wife and to foreclose a mortgage upon real estate in Oklahoma county to secure the same. The defendants in error H. F. Vulbrock and S. M. Gloyd filed cross-petitions to recover upon notes executed by T. M. Daniel and wife and to foreclose a mortgage upon said real estate to secure the same. Recovery was sought against the plaintiff in error because he had assumed the payment of said debts in a conveyance of said real estate to him from Daniel and wife. The answer of Boyd alleged that the insertion of the assumption of the mortgages in the deed was without his knowledge or consent and without consideration; that he permitted the title to be transferred to him by Daniel as an accommodation to the latter, and that there was no consideration passing from him to Daniel or from Daniel to him for said conveyance; that the deed was made under the following circumstances: "Sometime prior to its execution, Daniel and one Williams were engaged in the mercantile business in Packingtown, and were indebted to certain merchandise creditors; that they were in failing circumstances, and sold out their merchandise and business and prorated the proceeds to their creditors, leaving a deficiency; that thereafter Daniel came to the plaintiff in error Boyd, and stated that he intended to leave Oklahoma City, and asked permission to convey the legal title to the real estate to plaintiff in error, subject to certain outstanding mortgages, and further requested that he (plaintiff in error) attempt to negotiate a sale of the equity and apply the proceeds

upon the amount remaining due to the merchandise creditors, and any amount remaining to be turned over to Daniel; that plaintiff in error, relying upon the understanding with Daniel that said deed should be subject to the mortgages and not to contain any assumption thereof, did not read the deed, and was ignorant of the assumption clause until he was so informed by one of the mortgagees; that upon being so informed he immediately repudiated said assumption of said mortgages, explaining to the mortgagees that he was not the beneficial owner of said property and had never parted with or received any consideration for the deed; that he, plaintiff in error, was trying to accommodate and favor Daniel, and that the assumption clause was inserted fraudulently and without authority. Plaintiff in error further alleged that at the time of the delivery of said deed he had not examined the property and had never seen it since; that plaintiff in error was acting without any consideration or compensation, and that the deed was made to him merely as a matter of convenience and accommodation to Daniel. Plaintiff in error further alleged that he never received any beneficial use of said property. that if he had received any rents or profits he would have held same for the benefit of Daniel and his merchandise creditors, and disclaimed any interest in said real estate. Plaintiff in error further alleged that at most the deed was intended only as security for the benefit of the merchandise creditors of the said Daniel, and that the parties in interest have not changed their position or been injured in any manner by such assumption in said deed. Plaintiff in error prayed that the mortgagees take nothing as against him, that he be released and discharged from any personal liability by reason of the assumption clause in said deed, and that said deed be reformed and said assumption clause contained therein be decreed to be void. At the trial, after the plaintiff below and the cross-petitioners had rested, the defendant Boyd offered evidence in support of his answer, whereupon the plaintiff and cross-petioners interposed an objection to the introduction of any evidence by the defendant Boyd because his answer failed to state facts constituting a defense. This objection was by the trial court sustained, to which defendant Boyd excepted, and thereupon the court directed the jury to render a verdict in favor of the plaintiff and cross-petitioners against him. Defendant Boyd thereafter moved for a new trial, which was overruled by the court more than 15 days after the rendition of judgment upon the verdict of the jury. Plaintiff then asked for and was granted an extension of time in which to make and serve a case-made for appeal to this court.

We are met at the threshold of this cause by a motion of defendants in error to dismiss the appeal for the reason that the case-made was not served within the time allowed by the statute or any lawful extension thereof. It is contended by defendant in error that, the judgment of the court being rendered on sustaining an objection to the introduction of any evidence because the answer failed to state facts constituting a defense, no motion for a new trial was necessary, and being unnecessary, the filing of a motion for a new trial did not operate to extend the time in which to make and serve a case-made for appeal, and, as the only errors assigned in the brief of plaintiff in error are based upon such ruling of the trial court, the motion for a new trial was wholly unnecessary to present the questions sought to be reviewed here, and therefore the case-made was not served in time. While we are inclined to agree with the contention of defendants, yet we do not deem it necessary to determine that proposition, for the reason that the appeal was lodged in this court within six months from the date the trial court sustained the objection to the introduction of evidence, and it is properly certified as a transcript by the clerk of the district court. It has been held by this court that the record proper is made up of the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, and judgments, and an error appearing upon the face thereof may be raised for the first time in this court on a transcript thereof, accompanied by a petition in error duly presenting the same. Tribal Development Co. v. White Bros., 28 Okla. 525, 114 Pac. 736; Baker v. Hammett. 23 Okla. 480, 100 Pac. 1114. The ruling of the trial court upon the objection to the introduction of evidence was an order of the court and a part of the record as much as if said order had been made upon a demurrer to the answer, and is therefore properly reviewable by this court upon a transcript. The motion of defendants in error to dismiss should therefore be overruled.

It seems from the record that the trial court sustained the objection to the introduction of evidence for the reason that the allegation of fraud set up in the answer is merely a conclusion of law, and that no facts were set up therein showing fraud. If fraud were the only ground in the answer upon which plaintiff in error sought to escape liability upon the assumption of the notes and mortgages contained in the deed from Daniel and wife to him, we would have no hesitancy holding the judgment of the trial court correct. But it is contended by plaintiff in error that the facts alleged in the answer show that the assumption of the notes and mortgages contained in the deed and upon which the defendants in error relied for a recovery against him was without consideration, in that he took the title to real estate involved herein, not as the beneficial owner, but for the convenience of Daniel and in order to sell the same and apply the proceeds to the satisfaction of Daniel's debts. It is first urged by plaintiff in error that the deed from Daniel to him constituted a mortgage. We are unable to agree with this contention for the reason that the facts set up in the answer do not show that any defeasance of said conveyance was in the contemplation of the parties, or that a redemption thereof by Daniel was ever contemplated.

Plaintiff in error next contends that he held title to said real estate in trust, that Daniel was the beneficial owner, and that plaintiff in error was the mere holder of the naked legal title. The defendants in error meet this contention by urging the statute of frauds, which provides:

"No trust in relation to real property is valid, unless created or declared: First. By a written instrument, subscribed by the grantor or by his agent thereto authorized by writing. Second. By the instrument under which the trustee claims the estate affected; or, Third. By operation of law." Section 6659, Rev Laws. 1910.

Because of this statute, it is contended for defendants in error that parol testimony was not admissible to show that the deed to Boyd was not in fact an absolute conveyance, but only a conveyance in trust. This court, in the case of J. I. Case Threshing Machine Co. v. Walton Trust Company, 39 Okla. 748, 136 Pac. 769, had under consideration a conveyance absolute upon its face, made by a banking company to one of its employes for the purpose of having said employe negotiate a loan upon the real estate conveyed for the benefit of the bank. The loan was negotiated by the employe, and the real estate some time thereafter reconveyed to the bank. The J. I. Case Threshing Machine Company had obtained a judgment against the employe some time before the execution of the mortgage by him to secure the loan, the lien of which judgment would have attached to said real estate and have been prior to the lien of the mortgage executed by him had title been vested in said employe. In an action to foreclose the mortgage the Threshing Machine Company claimed to have a lien because of its judgment prior to the lien of the mortgage. Commissioner Sharp, who delivered the opinion of the court, says:

"No better illustration of a trust arising by operation of law could be stated than here. The conveyance is made without consideration to one occupying a position of confidence and trust toward the grantor. * * *

Although the deed executed by the bank to Edmonds purported on its face to be a warranty deed, conveying the absolute title, yet having been made wholly without consideration by a corporation to one of its officers, for the corporation's benefit, while no writings were centered into declaratory of the terms and conditions and the purposes for which the conveyance was made, it is clear that it was not intended by the deed to convey to the grantee the absolute title or to vest in him a beneficial interest in said lands, but instead to convey only the naked legal title. * * * Resulting trusts not being embraced within the statute of frauds, their existence need not be evidenced by any writing, and may, therefore be established by parol evidence." McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176; Flesner v. Cooper, 39 Okla. 133, 134 Pac. 379.

In the instant case, the answer of plaintiff in error shows the conveyance of the real estate was made to him by Daniel without consideration, and that he had no beneficial interest therein, but was a mere holder of the naked title. The answer further alleges that the defendants in error have not changed their position or parted with anything of value upon the faith of the assumption agreement contained in the deed. We confess that we are unable to distinguish the facts in this case from the J. I. Case Threshing Machine Company v. Walton Trust Co., supra, and upon the authority of that case we hold that the plaintiff in error might establish the fact that he held this real estate as a mere trustee by parol.

It is conceded by defendants in error that an agreement to assume and pay outstanding, mortgages upon real estate contained in a deed must be supported by a consideration. If Boyd took no beneficial interest in this real estate by reason of the conveyance, he received no consideration to support a promise to pay the debts sought to be recovered from him, and the facts set up in his answer, showing that he took no beneficial interest, and that the land was conveyed to him in trust for the benefit of Daniel, if true, constitute a defense to the action of defendants in error, and the trial court erred in sustaining the objection to the introduction of evidence in support of his answer.

The judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.