**TOLON et al. v. JOHNSON et ux.**

No. 14718—Opinion Filed Oct. 7, 1924.

Rehearing Denied, Nov. 25, 1924.

**1. Trusts—Resulting Trust—Definition.**

A resulting trust is one which arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner.

**2. Same—Sufficiency of Petition.**

A petition that states facts showing a confidential relation between plaintiff and defendant, moving plaintiff, without any other consideration, to deed real estate to him and empower him to dispose of an oil and gas lease on real estate, and deed to him the royalty interest in oil and gas, with the understanding that defendant was to hold said real estate and dispose of the oil and gas lease and to collect rentals and royalty, and manage the business pertaining to said real estate and oil and gas lease and royalty, in the interest of plaintiff; and further states that the defendant violated the trust by disposing of said property to his own interest and appropriated all the funds to his own use and benefit, is sufficient to state a resulting trust and good against demurrer.

**3. Same—Enforcement of Trust—Tracing Funds.**

An action for relief under a resulting trust is equitable in character, and so long as the fund or property is traceable and has not passed into the hands of a bona fide purchaser, the plaintiff can elect to recover the fund or property or its proceeds or the property which has been substituted for it, and enforce the trust upon it in equity.

**4. Same—Judgment for Plaintiff Sustained.**

The evidence examined, and held clear, satisfactory, and convincing and sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Pompey Johnson and Georgia Johnson, to declare a resulting trust in their favor, against Clinton Tolon, Lucy Tolon, Oscar Tolon, and Oklahoma Country Store, a co-partnership, judgment for plaintiffs, against the defendant Clinton Tolon, from which judgment he appeals. Affirmed.

J. C. Evans and J. H. Stephens, for plaintiffs in error.

James M Hayes, for defendants in error.

Opinion by THREADGILL, C. The action was brought by the defendants in error, as plaintiffs, in the district court of Okmulgee county, against the plaintiffs in error, as defendants, and, for convenience, the parties will be referred to here as they appeared in the trial court.

The amended petition, upon which the issues were joined, alleged, in substance, that Clinton Tolon and Lucy Tolon were husband and wife, and Oscar Tolon a brother to Clinton Tolon, and the brother, as partners, were operating and running a general store at Tolon post office, in Okmulgee county, and were doing business under the firm name and style of the Oklahoma Country Store, that Clinton and Oscar Tolon were colored men and Lucy Tolon of Indian blood, that said defendants were engaged in buying and selling real estate, oil and gas mining leases, and had in their possession and control various tracts of land in Okmulgee and other adjoining counties, that Clinton Tolon was shrewd, talked soft and easy, and transacted the lease and land business, and Oscar Tolon looked after the business of the store and business on the inside, and said Clinton, when necessary for his sharp practice, would use the names of his wife, Lucy, and his brother, Oscar, that plaintiffs were plain, simple, colored folk and not learned in the ways of business transactions, and had been overreached in diverse ways and in different transactions

by grafters, and had lost some of their property, and the defendant, Clinton Tolon, had **won their confidence** until they had implicit faith in his honesty and business ability, **that they had two children, allottees of land,** and because of their confidence in said Clinton Tolon, they waived their rights to being appointed guardian for said children, and, in 1914, asked the county court of Okmulgee county to appoint said Clinton Tolon, which was done, that he managed the estates of said children with such fidelity that they had great confidence in him so that, when one of **the children, Nellie Johnson,** died September 24, 1916, leaving the S. ½ of S.E. ¼ of section 28, and the N. ½ of the N. E. ¼ of section 33, T. 15 N., R. 19 E., they deeded the land, at his suggestion, to his wife, Lucy Tolon, for him to hold same, in her name, and manage it for them, that there was no consideration for the transaction, that they relied upon his statement, and orally agreed with him that he should be their agent and manager, and manage their property for them, and upon this oral agreement they made the deed to his wife as he directed. That the said tract of land had a rental value of $300 a year for agriculture, and $160 a year for oil and gas purposes, which the said Clinton Tolon was to collect for them, and which was to be used in giving them credit for articles of merchandise bought by them at the store That in 1918 the said Clinton Tolon sold the land to J. M. Ricks and transferred the same to him for the sum of $4,000, which he and his wife applied to their own use and benefit, in violation of the rights of the plaintiffs and for the purpose of defrauding them. It was more than a year before plaintiffs discovered the transaction of the sale and the fraud practiced, that the Oklahoma Country Store, Oscar Tolon, Clinton Tolon, and Lucy Tolon were each and all interested in the things done by said Clinton Tolon in disposing of the said land, and aided and assisted in the matter, and were all partners in the benefits derived from same, and that each of them refused to pay plaintiffs any part of the said $4,000.

In a second count, plaintiffs state, in substance, that out of the same confidence and for the same reasons the plaintiff, Georgia Johnson, joined by her husband, Pompey Johnson, executed to the said Clinton Tolon a power of attorney to dispose of an oil and gas lease on the homestead allotment of the said Georgia Johnson, being the E. ¼ of the S. E. ¼ of section 12, T. 15 N., R. 11 E., that said Clinton Tolon sold the lease for $300 and kept the money, and they also

transferred to him, without consideration, the royalty rights of said land, that he might manage and collect the same in their interest, and all the partners were interested in these transactions as in the first described. They ask judgment for return of the royalty interest and rentals, arising from the land on the homestead allotment of Georgia Johnson, and that said Clinton Tolon be decreed to hold the legal title to the said royalty interests, rentals, and mineral rights in said land in trust for the plaintiff Georgia Johnson, and that they be ordered to convey the same to the plaintiffs, and that the plaintiffs have judgment against the defendants and each of them for the sum of $4,000, derived from the sale of the land described in first paragraph of the petition, being trust funds in the hands of the defendants Lucy and Clinton Tolon, and that they have judgment for $4,000 and interest thereon from the date the said land was sold and for costs.

Defendants filed a demurrer to the amended petition, on the ground that several causes of actions were improperly joined, and the same fails to state a cause of action, which being overruled, defendants Clinton Tolon and Lucy Tolon filed their separate answer consisting of general denial, and pleading further the competency of the plaintiffs in business matters, that he bought the Nellie Johnson track of land from the plaintiffs for $2,000, and this was a reasonable consideration for same, that he loaned the plaintiffs $300 and to secure the same they assigned him the royalty interest in Georgia Johnson's homestead allotment, which was about April 2, 1919, and for the additional loan of $200 they deeded to him the oil and gas mineral rights of said allotment for said conveyance as an assignment to secure the payment of this loan, and the payments for said loans were to be made in 60 days, which payments were not made by the plaintiffs, and they pray for judgment for $500 and six per cent. interest from April 2, 1919, and April 12, 1916, and for foreclosure of the assignments to pay the same.

The defendants Oscar Tolon and the Oklahoma Country Store filed answer consisting of general denial, and further state that they adopt the allegations of the answer of the other two defendants, and say they have no interest in the transactions in controversy, and they ask to be dismissed with their costs. The plaintiffs replied with general denial. The court ordered the cause placed on the nonjury trial docket for the February, 1922, term of the court, and set

the day for trial on May 16, 1922. The defendants filed a motion to strike the cause from the nonjury docket for trial on the ground that there were two causes of actions, one for damages for $4,000, and one for violation of a parol trust agreement, and both of said causes were based upon charges of fraud. The motion was overruled and exception saved.

The cause was tried to the court on March 20, 1923, and resulted in judgment against Clinton Tolon in favor of the plaintiffs, and the said Clinton Tolon appeals to this court by petition in error and case-made, alleging 10 assignments of error, and urging them under four propositions as follows:

(1) Plaintiff's petition, amended petition, and reformed petition are insufficient to entitle plaintiffs to any relief.

(2) Defendant was entitled to a trial by jury.

(3) The court was not justified upon the evidence in rendering judgment in favor of plaintiffs but should have rendered judgment in favor of defendant.

(4) The court should have granted a new trial upon the motion of defendant.

1. Under the first proposition the defendant Clinton Tolon contends that there were three causes of action in plaintiffs' amended petition, the first, for damages for breach of an oral express agreement relating to real estate situated in Creek county; the second, for an accounting for rents and profits from land in Okmulgee County; the third, action for specific performance of an oral contract to convey real estate and to declare an oral express trust with respect to real estate.

Defendant further contends that plaintiffs seek to include all the defendants as parties to the transactions.

As to this last statement and contention we may say that since the judgment of the court was in favor of the defendants, Oscar Tolon, Lucy Tolon, and the Oklahoma Country Store, absolving them from any liability, and the plaintiffs took no exceptions to this part of the judgment, and filed no cross-appeal from it, the action of misjoinder of parties defendant is eliminated from our consideration.

The plaintiffs contend that the facts stated in the petition amounted to a trust in the defendant Clinton Tolon in their behalf as to the cestue que trust with reference to two parcels of land, one being the allotment of Nellie Johnson, their deceased

daughter, situated in Creek county, and the other parcel being the oil, gas, and mineral rights in the homestead allotment of Georgia Johnson, the same being the homestead of the plaintiffs, and said parcel being in Okmulgee county.

Examining the amended petition, in considering which of these two contentions is correct, we are inclined to favor the plaintiffs' contention. Some of the facts stated could be construed to mean what the defendant claims they mean. We think the prayer of the petition in the case is consistent with facts stated, and shows clearly that the action is one to declare a resulting trust and in favor of the plaintiffs, and to recover the property from the trustee arising from the trust. The prayer of the amended petition reads as follows:

"Wherefore, the plaintiffs pray that judgment be rendered against the said Clinton Tolon, decreeing the plaintiffs to be the owners of the royalty interests and the rentals arising from the lease on the homestead allotment of Georgia Johnson, hereinbefore set out and described and the mineral rights therein, and that he be decreed to hold the legal title to the said royalty interests, rentals and mineral rights, in said land, in trust for the plaintiff, Georgia Johnson, and that he be ordered and directed to convey the same to the plaintiff, and that upon his refusal so to do, that the court order and direct a conveyance thereof by the clerk of this court, as the court commissioner to convey same; that the plaintiffs have judgment of the court against the defendants and each of them for the sum of $4,000 derived from the sale of the land in the first paragraph hereof described, made by the said Lucy Tolon and the said Clinton Tolon, as trust funds in the hands of the said defendants for these plaintiffs, and that the plaintiffs have judgment against the defendants and each of them for the sum of $4,000, with interest thereon from the date the said land was sold, for their costs herein expended, and all proper and equitable relief."

We think the amended or reformed petition upon which the issues were joined and the case tried was substantially sufficient to conform to article 7, chapter 3, on Pleadings, Comp. Stat. 1921, and particularly section 265 and seventh paragraph of section 266 of said statutes, and since it does not appear that the action was for possession of either tract of land involved, although in different counties, the venue of the action was in either county where the lands were situated as provided by section 200 of said statutes.

Defendants further contend that the facts

pleaded by plaintiffs were not sufficient to entitle them to recover. He argues that the agreement to hold the title and manage the real estate involved, for the purposes stated, was in the nature of an express trust, but the deed to the land in Creek county, and the facts and circumstances pleaded as to how the deed was executed, and the power of attorney to dispose of the oil and gas lease, and the deed to the royalty of the land in Okmulgee county, and the facts and circumstances pleaded attending the execution of these conveyances were not sufficient to create an express trust, and in this we agree, as the creation of an express trust is governed by section 8466. Comp. Stat. 1921. But we cannot agree with counsel that because the plaintiffs pleaded the confidential relations of the parties and an oral agreement as to the reasons and purposes for deeding the land in Creek county and transferring the oil and gas interests in the land in Okmulgee county to the defendant, that such an agreement, where there is no consideration, would prevent the creation of a resulting trust. Such a holding would defeat one of the great principles of equity, which declares that "where, for any reason, the legal title to property is placed in one person, under such circumstances as to make it inequitable for him to enjoy the beneficial interest, a trust will be implied in favor of the person entitled thereto." We may, therefore, lay down the general rule, as defined by Story on Equity Jurisprudence, section 980, and 2 Pomeroy on Equity Jurisprudence, section 1030, that a resulting trust is a trust raised by implication or construction by law, and presumed to exist from the supposed intention of the parties and the nature of the transaction as shown by all the facts and circumstances of the case. This principle is upheld by many decisions of our court. In the case of J. I. Case Threshing Machine Company v. Walton Trust Company. 39 Okla. 748, 136 Pac. 769, this court used the following language:

"No better illustration of a trust arising by operation of law could be stated than here. The conveyance is made without consideration to one occupying a position of confidence and trust toward the grantor. * * * Although the deed executed by the bank to Edmonds purported on its face to be a warranty deed, conveying the absolute title, yet having been made wholly without consideration by a corporation to one of its officers, for the corporation's benefit, while no writings were entered into declaratory of the terms and conditions and the purpose for which the conveyance was made, it is clear that it was not intended by the deed to con-

vey to the grantee the absolute title or to vest in him the beneficial interest in said lands, but instead to convey only naked legal title. * * *

"Resulting trusts not being embraced within the statute of frauds, their existence need not be evidenced by any writing, and may, therefore, be established by parol evidence."

In Boyd v. Winte, 65 Okla. 141, 164 Pac. 781, the court held, with reference to resulting trusts, as follows:

"Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances that the beneficial interest is not to go or be enjoyed with the legal title.

"Resulting trusts are not within the statute of frauds and may be established by parol evidence, where such evidence is not otherwise incompetent."

In the case of McCoy v. McCoy, reported 30 Okla. 379, 121 Pac. 176, the court said:

"If, from the condition of facts existing, a trust arises or results by operation of law, then it may be valid whether the agreement from which the condition arises be in writing or in parol; and if the facts alleged in the petition are such that from them the law presumes a trust, or such that a trust results therefrom, it becomes one which, by the authorities, is universally treated as an implied trust or resulting trust and is not within the statute of frauds."

In the case of Cooney v. Glynn (Cal.) 108 Pac. at page 506, the court said:

"It has been established by a number of decisions in this state, that where confidential relations exist between two parties, and one of them executes a conveyance of real estate to the other, upon a parol promise by the other that he will hold it for the benefit of the grantor, or for the benefit of some third person in whom the grantor is interested, there being no other consideration for the conveyance, a trust arises by operation of law in favor of the grantor, or the third person, for whom the property is to be held. It is the violation of the parol promise which constitutes the fraud upon which the trust arises. If made in good faith, and if it is of a continuing nature, the performance of it for a time does not prevent a trust from arising when it is broken and repudiated."

In the case of Clinton v. Miller, 77 Okla. 173. 186 Pac. 932, this court said:

"The transactions between persons occupying confidential relations with each oth-

er in which the stronger or superior party obtains an advantage over the other cannot be upheld. In such transactions, the burden of proof is cast upon the superior party to establish the perfect fairness of the transaction and that the consideration was adequate."

In the case of Eliza Daniel v. Clinton Tolon, a similar case of fraud, and it seems the same Clinton Tolon as in the case at bar, reported in 53 Okla. 666, 157 Pac. 756, this court said:

"While equity does not deny the possibility of valid transactions between parties where a fiduciary relation exists, yet because every such relation implies a condition of superiority held by one of the parties over the other, in every transaction between them by which the superior party obtains a possible benefit, equity raises a presumption against its validity, and casts upon that party a burden of proving affirmatively its compliance with equitable requisites, and of thereby overcoming the presumption. The broad principle upon which the court acts in cases of this description is that wherever there exists such a confidence, of whatever character that confidence may be, as enables the person in which the confidence or trust is reposed to exert influence over the person trusting him, the court will not allow any transaction between the parties to stand, unless there has been the fullest and fairest explanation and communication of every particular, resting in the breast of the one who seeks to establish a contract with the person so trusting him."

We think the amended petition upon which the issues were joined stated facts sufficient to support a judgment based thereon, as for a resulting trust, and the same was good against demurrer.

2. Defendant, under his second proposition, contends that he was entitled to a jury trial, and the court erred in refusing to allow the issues tried to a jury. We cannot agree with counsel on this proposition. An action for a resulting trust is purely equitable. The general rule is stated in 26 R. C. L. section 223, page 1359, as follows:

"Trusts are particularly within the original cognizance of courts of equity and there would seem to be no question as to the jurisdiction of such courts, in the establishment or enforcement of a trust. It is generally held that the fact that the cestui que trust has a remedy at law does not defeat the equitable remedy, but that he has his option and may pursue either remedy."

We think the rule especially applicable to the case at bar is stated in volume 23, page 74 of Standard Encyclopaedia of Procedure as follows:

"He can, so long as the fund or property is traceable, and has not passed into the possession of a bona fide purchaser, elect to recover the fund or property, or its proceeds or the property which has been substituted for it, and enforce the trust upon it in equity."

Defendant cites many authorities in support of his contention for a jury trial, but they are not applicable because based upon his theory that the action is for damages and recovery of specific real property.

3. In the third place, defendant contends that the court was not justified upon the evidence in rendering judgment in favor of plaintiffs, but should have rendered judgment for defendant. The judgment complained of was as follows:

"The Court: Judgment will be entered in favor of defendant, Lucy Tolon, and the plaintiffs take nothing by their action and she will be discharged with her costs.

"Now then, as to the defendant, Clinton Tolon, the plaintiffs testified, that is of course undisputed, on a certain date of giving a deed and that Clinton Tolon came there the day the little girl had died and told them to come over to his store and asked them to give a deed, which they claim was to protect them against grafters, and his explanation of that is, he got the deed, paid them $2,000, and some short time afterwards, I don't remember the date, sold the place for $4,000.

"Mr. Evans: Two years after that.

"The Court: His explanation was at that time when the little girl died they had been trading at the store for a year and that they owed them $800; that he had been paying them as guardian for this little girl and another child money right along, and would always take the money and go somewhere else and spend it and sold them goods on credit at that time. The court does not believe that statement of Clinton's at all. It is unreasonable. It is unreasonable to believe, in the first place, that this old man could run up a bill of $800. It is unreasonable to believe this man, as a shrewd business man, paid him any money and never deducted any from his grocery bill, gave it to him and allowed him to go somewhere else.

"Then he testified he paid them $800 in cash in five, ten, and twenty dollar bills; did not pay it by check; didn't take a receipt, no one present, only took the money and paid them in bills out here in the country. The court does not believe that. That some time afterwards, I believe he said, he would pay $400 afterwards when he had checked up his grocery records. He went out there and showed him that. Of course the bill was $800 and they agreed it was all right and paid him the difference of $400 cash: in cash, no check, no receipt, no nothing. The court does not believe it.

"I believe under this evidence, which is very contradictory, as always is in these kind of cases, that the witnesses, and especially this old woman didn't have sense enough to testify about or understand what took place in the store in the morning or along in the afternoon. The old man seems to be a good old fellow. I am of the opinion, from the evidence in this case, and particularly from the testimony of the defendant, Clinton Tolon, took this deed just as they say to protect them from grafters, without consideration.

"I will give judgment against Clinton Tolon for $4,000 with 6% interest from the time he sold the land, and at that time it was the property of these people and he should have given it to the people at that time.

"As to the interest, the royalty interest, that he be ordered within twenty-four hours to assign over to the plaintiffs, or proper party, the assignment of royalty interest, and also within the same time, to convey to them the oil and gas rights as given him under this conveyance from April 2nd, 1919, to all of which exceptions are allowed."

We have read the evidence and we think it is very clear, satisfactory, and convincing in establishing the confidential relation of the plaintiffs and the defendant, and the intention of the parties in the transactions at issue, and the violation of the trust, on the part of the defendant, and is sufficient, in every respect, to sustain the judgment.

We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.