**TRIMBLE et al. v. BOLES.**

No. 23288.   Oct. 16, 1934.

H. B. Martin and Ferrell Martin, for plaintiffs in error.

Frank Hickman and Irvine E. Ungerman, for defendant in error.

PER CURIAM. This is an appeal taken by the defendants below in an action brought by Mabel Boles to recover from C. I. Trimble certain real estate in Tulsa, Okla., deeded to him by her, and to remove a cloud on the title to said property created by certain judgments owned by the defendant Byron Boone against C. I. Trimble.

The petition filed by Mrs. Boles alleged that she had deeded certain property located in Tulsa, Okla., to the defendant C. I. Trimble, with the understanding and intention on the part of both parties that the property was to be reconveyed if and when Mrs. Boles recovered from her then illness, and further alleged that she had recovered from said illness and had always been in the possession of said property, collecting the rents and profits therefrom, and that C. I. Trimble was guilty of fraud, oppression, and bad faith in refusing to reconvey said property to her. She also described the judgments owned by the defendant Byron V. Boone against C. I. Trimble, which were apparent liens upon the property, and prayed for a reconveyance of the property and quieting her title against said judgments.

C. I. Trimble filed an answer denying the allegations of the petition, except the execution and delivery of the deed to said property. He also denied any trusteeship and claimed ownership under an absolute conveyance. He alleged that the collection of the rents and profits from the property had been made by plaintiff as his agent, and further alleged the validity of the liens of Byron V. Boone. He also filed a cross-petition, asking for the recovery of said property and an accounting for the rents and profits therefrom collected by the plaintiff.

The defendant Byron V. Boone appeared by attorneys, but filed no answer.

The evidence discloses that Mabel E. Boles inherited the property in controversy valued at $8,000 from a deceased husband, who was the brother of the defendant Trimble. She had absolute confidence in C. I. Trimble, and consulted him many times relative to her affairs. Just prior to the execution of the deed for the property, Mrs. Boles was sick, and, being advised and believing she could not recover, she decided to avoid the heavy expense that might be created in administering her estate by a transfer of the property in controversy to C. I. Trimble. Trimble advised her he had been trying to get his sister to do the same thing. The evidence

disclosed that he did not request the execution of a deed. The deed was executed, delivered, and placed of record, and Mrs. Boles testified that she thought it was a trust deed. No consideration was paid for the deed, and C. I. Trimble never took possession of the property, but, on the contrary, such possession was retained by Mrs. Boles, and she continued to collect the rents, pay the taxes, and make repairs. No evidence of agency was disclosed. The repairs were made after consultation with C. I. Trimble, in which he advised her that the making of such repairs would be a good investment for her. Mrs. Boles recovered her health in seven or eight months after the execution of the deed, and demanded a reconveyance of the property. C. I. Trimble promised to do so, but never, in fact, fulfilled the promise. On demand for such deed by her and again by her attorney, he asked to be paid $50 expense money.

Plaintiffs in error contend that express trusts in real property cannot be created in parol and must be created in writing.

The facts presented to the trial court did not disclose an express trust and the argument presented is not applicable. The evidence showed clearly that a resulting trust arose by implication. The distinction between express trusts and resulting trusts is set forth in the case of Bryant v. Mahan, 130 Okla. 67, 264 P. 811:

"Express trusts are generally created by instruments that point out directly and expressly the property, persons, and purpose of the trust; hence, they are called direct or express trusts in contradistinction from those trusts which are implied or construed by law to arise out of transactions of parties."

In that case the court announced the general rule applicable to resulting trusts as follows:

"Resulting trusts are those which arise where the legal estate and property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition or from the accompanying facts and circumstances that the beneficial interest is not to go to or be enjoyed with the legal title." McCoy v. McCoy, 30 Okla. 379, 121 P. 176; Flesner v. Cooper, 39 Okla. 133, 134 P. 379; J. I. Case Threshing Machine Co. v. Walton Trust Co., 39 Okla. 748, 136 P. 769; Boyd v. Winte, 65 Okla. 141, 164 P. 781; Cousins v. Wilson, 94 Okla. 29, 220 P. 923; Tolon v. Johnson, 104 Okla. 201, 230 P. 865; Bryant v. Mahan, 130 Okla. 67, 264 P. 811; Bobier v. Horn, 95 Okla. 8, 222 P. 238.

In the case of In re Rosenberg, 4 F. (2d) 581, the rule is stated:

"Where for any reason the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, equity will imply a trust in favor of the person entitled to the beneficial interest." Tolon v. Johnson, 104 Okla. 201, 230 P. 865.

This court has many times had occasion to pass on facts showing resulting trusts, and said in the case of Bryant v. Mahan, supra, referring to Bobier v. Horn and Tolon v. Johnson, supra:

"It is true that the facts in the instant case are different from those in either of the above cases, but the fact that the doctrine of resulting trusts was applied in both the above cases and in many other cases, each based upon a different state of facts, is conclusive that the facts are not required to be identical in all cases in order to create a resulting trust."

This court has in two cases announced resulting trusts where the facts were not vitally different in principle from the case at bar.

In Flesner v. Cooper, supra, George W. Gardenhire owned a tract of land and first deeded the same to his son, Clyde, and Clyde deeded the tract to William G. Scott.

Scott executed a mortgage to a bank for the benefit of Gardenhire, and then reconveyed the land to George W. Gardenhire, who sold the land to plaintiff, Lue Cooper. Prior to deeding the land back to George W. Gardenhire, William G. Scott executed a deed to Jake Gardenhire, who thereafter died, and his widow and children claimed title to the property. George W. Gardenhire at all times had possession of the property, and no consideration was paid for the land by Jake Gardenhire.

With reference to the right of the widow to take this land under these circumstances, we said:

"If it was the intention of George W. Gardenhire in the conveyance by him made, and those subsequently made by his authority (if such was the case) to retain the beneficial interest in the land though the legal title was in another, in equity he would continue to be the real owner, save as against the rights of innocent purchasers from the one holding the legal title. It was competent for the defendant to show that, notwithstanding the legal title in turn vested in the several grantees, yet, the conveyances being without consideration, and the grantor at all times having continued to exercise full control and ownership over the land, he in fact was the true owner, and that, from the several conveyances and the accompanying facts and circumstances, it was intended that the beneficial interest

should not go to or be enjoyed by the party holding the legal title. Such fact being established, a resulting trust would arise in favor of the grantor. As is said in Pomeroy's Equity Jurisprudence, sec. 1031: 'In all species of resulting trusts, intention is an essential element, although that intention is never expressed by any words of direct creation. There must be a transfer, and equity infers the intention that the transferee was not to receive and hold the legal title as the beneficial owner, but that a trust was to arise in favor of the party whom equity would regard as the beneficial owner under the circumstances. * * * Resulting trusts, therefore, are those which arise where the legal estate in property is disposed of, conveyed, or transferred; but the intent appears or is inferred from the terms of the disposition, or from the accompanying facts and circumstances, that the beneficial interest is not to go or be enjoyed with the legal title.' "

In Cousins v. Wilson, 94 Okla. 29, 220 P. 923, Jack Cousins sued Fred Wilson and others, claiming that the land involved in the action was his homestead, and that he had always been in possession thereof; being old and infirm and not expecting to live, he made a deed to his wife, Nellie Cousins; thereafter, he and his wife, because both were feeble and in failing health, executed a deed to their daughter, Georgia Johnson, retaining possession of the land. No consideration was paid for the land by Georgia Johnson. Georgia Johnson, without the consent of plaintiff, conveyed the land to Lincoln Reed. Reed paid nothing for the land, and had knowledge of plaintiff's interest therein, but thereafter conveyed the same to Fred Wilson who had the same knowledge. Thereafter Wilson executed a mortgage to the American State Bank. A demurrer to the petition was sustained. Discussing this case, the court said that the demurrer was erroneously sustained because from the averments made an inference could be drawn that:

"No consideration was paid by her to Jack Cousins for said land or deed. This coupled with the other allegations that Jack Cousins and his wife were still sick—referring to a former allegation to the effect that Jack Cousins was not expected to live—and that they were in failing health and growing feeble daily, and they were induced by these things to make said deed to said Georgia, we think sufficient averments that said Georgia held only the naked legal title to said real estate and that the beneficial interest therein was retained by Jack Cousins and his wife."

Plaintiffs in error further contend that fraud must be pleaded, and that a deed absolute on its face, which recites a consideration in the absence of fraud, cannot be impeached by parol evidence.

In support of this contention cases are cited to show that express trusts in lands cannot be established by parol. The argument made is not applicable to the case at bar, for the reason that there has been no attempt to establish an express trust, but a resulting trust.

In the case of J. I. Case Threshing Machine Co. v. Walton Trust Co., supra, a warranty deed was given reciting a cash consideration, and there it is said that:

"Resulting trusts not being embraced within the statute of frauds, their existence need not be evidenced by any writing, and may therefore be established by parol evidence." Bryant v. Mahan, 130 Okla. 67, 264 P. 811; Flesner v. Cooper, 39 Okla. 133, 134 P. 379; Boyd v. Winte, 65 Okla. 141, 164 P. 781; Newbern v. Farris, 149 Okla. 74, 299 P. 192; Craig v. Craig, 114 Okla. 302, 247 P. 67.

Allegations and proof of fraud are not essential in cases where the law implies a resulting trust. The general rule is stated in 65 C. J. 371:

"A resulting trust is not based upon fraud or misrepresentation, and fraud is not a necessary element of a resulting trust, and it is not necessary that there be anything savoring of fraud or misrepresentation or mistake in the transaction."

Plaintiffs in error also claimed that even though the title to the land in controversy is impressed with a trust, it cannot be recovered in equity without a tender of all that is due the trustee.

No pleadings were filed raising this issue. The defendant Trimble denied and repudiated the trust relationship. The evidence fails to disclose that the expense referred to was created by the trustee prior to his repudiation of the trust. Under such circumstance, he is not entitled to reimbursement.

As stated in the case of Royer v. Dobbins, 111 Okla. 156, 239 P. 157, in the 4th syllabus:

"A trustee who has denied the trust and claims the trust property as his own, is not entitled to be reimbursed for expenses incurred in the management of the trust estate after such repudiation."

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys L. E. McKnight, C. F. Dyer, and P. C. Simons in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the

analysis of law and facts was prepared by Mr. McKnight and approved by Mr. Dyer and Mr. Simons, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.