## WRIGHT v. LOGAN et al.

No. 26673.   Feb. 23, 1937.

Twyford & Smith and William J. Crowe, for plaintiff in error.

John W. Hayson and W. C. Lukenbill, for defendants in error.

HURST, J. The plaintiffs and defendant are brothers and sisters, and are the only children of George W. Wright, Sr., and Ella Wright. Plaintiffs filed this action to compel the defendant to convey to each of them an undivided one-seventh interest in an 80-acre tract of land near Oklahoma City and to compel him to account for $4,791.66 received by him from an oil and gas lease on the land and from the sale of one acre of the land for school purposes. Plaintiffs alleged in substance: That in the spring of 1925, the defendant entered into an agreement with their father, who was then aged and in poor health, under the terms of which defendant was to pay certain debts his father owed; that the father was to convey the land in question to him to secure the payment of the amount so paid, and the defendant was to convey to each of the plaintiffs a one-seventh interest in said land on the payment by them to the defendant of one-seventh of the amount so paid for the father; that pursuant to that agreement the defendant paid out for their father the sum of $1,839; that some time after the agreement was made, their father and mother conveyed said land to the defendant, reserving a life estate to themselves: that defendant had received said sum of $4,791.66, and that some of the plaintiffs had paid their full one-seventh of what he had paid out under the agreement, and that the others had paid only part of their share.

The defendant answered by general denial and by a plea of the statute of limitations and by a plea of estoppel. He further alleged that when the estate of their father, then deceased, was settled, the property was divided among the heirs and the plaintiffs waived all rights that they had to said land.

Several witnesses, including some of the plaintiffs, testified that they were present when the defendant and his father made the agreement. They stated positively that the agreement was made substantially as alleged in the plaintiffs' petition. The testimony discloses that payments were made by the plaintiffs to the defendant and he gave them receipts. A letter from the defendant to his father and mother under date of May 13, 1925, was introduced and in it he itemized the sums he paid out and stated that the share which each owed was $262.72 with interest at 7 per cent. Two other letters from the defendant to one of the sisters were introduced and in them the defendant refers to the loan and to the payments thereon. In one of these letters he refers to the land as "our land."

The defendant, as a witness, denied the agreement and asserted that the deed was intended as an absolute conveyance. He testified that the letters referred to another tract of land. The court found the issues in favor of the plaintiffs and directed the defendant to convey each of them an undivided one-seventh interest in the land. A money judgment was then entered for each of the plaintiffs for the amount due them after deducting what each owed to the defendant for the money he had paid out on behalf of their father. Defendant has taken this appeal from said judgment.

1. The defendant first contends that the alleged contract between him and his father is not enforceable because not in writing. This is on the theory that it is an express trust. He cites Bolin v. Krengel (1924, Kan.) 227 P. 266; Silvers v. Howard (1920, Kan.) 190 P. 1; McCaleb v. McKinley (1920) 80 Okla. 38, 194 P. 105; Reed v. Peck & Hill Furniture Co. (1923) 93 Okla. 212, 220 P. 900; Hall v. Haer (1932) 160 Okla. 118, 16 P. (2d) 83.

On the other hand, the plaintiffs contend that the evidence establishes a constructive or resulting trust, which is not required to be in writing, but may be established by parol testimony, and they cite Case Threshing Mach. Co. v. Walton Trust Co. (1913) 39 Okla. 748, 136 P. 769; Flesner v. Cooper (1913) 39 Okla. 133, 134 P. 379; McCoy v. McCoy (1911) 30 Okla. 379, 121 P. 176; Bryant v. Mahan (1927) 130 Okla. 67, 264 P. 811; Tolon v. Johnson (1924) 104 Okla. 201, 230 P. 865.

We agree with the contention of the plaintiffs. The evidence clearly established a constructive trust, and the trial court was correct in so finding. The rule is stated in Tolon v. Johnson, supra, as follows:

"Where for any reason, the legal title to property is placed in one person, under such circumstances as to make it inequitable for

him to enjoy the beneficial interest, a trust will be implied in favor of the person entitled thereto."

The authorities cited by the defendant are not in conflict with this holding.

2. The defendant next contends that parol evidence was not admissible to establish a trust and to identify the land. He cites a large number of authorities in support of this argument, but an examination of these authorities discloses that they deal with the statute of frauds, and most of them were actions for specific performance of contracts to sell real estate. They are not applicable in this case. A resulting or constructive trust may be established by parol testimony. Bryant v. Mahan, supra; Flesner v. Cooper, supra; Case Threshing Mach. Co. v. Walton Trust Co., supra; 26 R. C. L. 1251. The judgment is affirmed.

BAYLESS, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur.