**SECURITY STATE BANK OF COMANCHE v. LOCKETT et ux.**

No. 28835. May 9, 1939.

Rehearing Denied June 13, 1939.

Beets, Zeman & Beets, for plaintiff in error.

H. B. Lockett, for defendants in error.

GIBSON, J. The Security State Bank of Comanche, Okla., sued H. B. Lockett and Katherine C. Lockett, his wife, to set aside a transfer of real property from husband to wife, plaintiff alleging that it was a judgment creditor of H. B. Lockett and that the transfer was fraudulently made for the purpose of hindering and defrauding the husband's creditors, including plaintiff. Defendants' demurrer to plaintiff's evidence was sustained, and plaintiff appeals.

November 30, 1937, plaintiff procured a judgment against the defendant husband. On November 29, 1937, there was filed for record an instrument signed by the husband on March 17, 1937, conveying an undivided interest in certain real property to the defendant wife for the recited consideration of $10 and other considerations described in the instrument, in substance, as follows: That two years prior to the death of defendants' daughter, H. B. Lockett conveyed the property involved, together with the oil and gas rights in other lands, to that daughter in consideration of her services to him; that the daughter died intestate and without issue in January, 1934, by virtue of which his wife became the owner of an undivided one-half interest in the property involved; that the deed to the daughter was never recorded, was lost and could not be found; and that in December, 1936, defendant husband conveyed to his wife his interest in the land involved, so acquired from his daughter, for the interest his wife had in property not here involved.

Defendants were called as plaintiff's only witnesses, and the deed in question was placed in evidence by plaintiff.

The contention is that the evidence established a prima facie case of fraud, and that the court erred in sustaining the demurrer and rendering judgment for defendants.

The deed was executed some months before plaintiff's judgment was obtained against defendant H. B. Lockett, and was recorded one day before the judgment was entered. The grantor and grantee were husband and wife. Mrs. Lockett did not know the deed had been executed. She said the land had not been deeded to her, but did not say she was not the owner of the land. The deed showed upon its face that the purpose thereof was to convey the land pursuant to a former executed agreement, as above set out, wherein the husband traded the land to his wife for her interest in another tract. Such was the sum of the evidence, except it is indicated that the husband was indebted to the plaintiff when the deed was executed.

Every act of the defendants as shown by the evidence was in itself lawful. While they may constitute circumstances that may be considered along with other conditions in determining the question of fraudulent intent in such case, they do not fall within that class commonly denominated marks, badges, or indicia of fraud from which fraudulent intent may be inferred without certain other accompanying circumstances, such as insolvency of the grantor or want of fair and adequate consideration. Relationship of the grantor and grantee does not constitute prima facie evidence of fraud. Wimberly v. Winstock, 46 Okla. 645, 149 P. 238; 27 C. J. 495, 641, secs. 153, 407. Neither does the mere indebtedness of the grantor. 27 C. J. 492, 493, sec. 145. And a deed may be executed in payment of a pre-existing debt or given in execution of a prior agreement and not be characterized as prima facie fraudulent. 27 C. J. 534, sec. 227; Id. 539, sec. 234. The law does not infer fraud from any number of acts, each of which is lawful and innocent in itself. One who would deduce from such acts a fraudulent design must go further and show that they were done with a fraudulent purpose. State v. Mobley, 112 Okla. 152, 241 P. 155. That certain acts in such case may awaken suspicion does not warrant an inference of fraud. Id.

Sections 9697, 10007, O. S. 1931, 24 Okla. Stat. Ann. secs. 10, 5, provide that every transfer of property, including conveyances of real property, made with intent to delay, hinder, or defraud creditors shall be void as against all creditors of the grantor. But, under the decisions of this court, if the

creditor relies upon some form of fraud other than the want of fair and valuable consideration, he must show that the grantor was insolvent at the time of the execution of the conveyance. W. T. Rawleigh Co. v. Groseclose, 174 Okla. 193, 49 P.2d 1085, 1087. If the creditor seeks to set aside the conveyance for want of such consideration, the solvency or insolvency of the grantor is immaterial. Id.; First National Bank v. Little, 122 Okla. 37, 250 P. 799.

We cannot agree with plaintiff that the grantee's unawareness of the execution of the deed constituted evidence of fraud on the part of the grantor. The deed was executed pursuant to a prior agreement of the parties therein named. So far as the evidence shows, the grantor was duty bound at all times to execute the conveyance, and notice to the grantee was unnecessary. The conveyance was completed by delivery which has not been rejected by the grantee. The recording of the deed by the grantor raised a presumption of delivery, and this presumption has not been overcome by the evidence. 18 C. J. 207, secs. 110, 111.

We have stated above that neither the relationship of the parties, the mere indebtedness of the grantor, nor the conveyance in execution of a prior agreement constituted prima facie evidence of fraud. In addition to these elements, insolvency was essential to their consideration on the question of fraud, and necessary to a prima facie case. The deed, introduced by plaintiff, disclosed a fair and valuable consideration, the prior agreement. No attempt was made to disprove that consideration.

In view of our previous decisions mentioned above, we hold that in an action to set aside an alleged fraudulent conveyance on grounds not unlawful per se, the plaintiff, in order to establish a prima facie case, must prove insolvency of the grantor on the date of execution of the conveyance, or show want of a fair and valuable consideration therefor. The plaintiff failed in its proof in this respect. The demurrer was therefore properly sustained.

The judgment is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, and CORN, JJ., concur. BAYLESS, C. J., and DAVISON and DANNER, JJ., absent. HURST, J., not participating.