OWENS et al. v. MUSSELMAN et al.

No. 29493. Feb. 3, 1942.

121 P. 2d 998.

E. C. McMichael, of Sapulpa, and Chas. B. Rogers, of Tulsa, for plaintiffs in error.

Poe, Lundy & Morgan, of Tulsa, for defendants in error.

ARNOLD, J. Albert Poage Owens and Daisy Watkins commenced this ac-

tion in the district court of Tulsa county against Patti Musselman, Margaret Musselman, and Dorothy Musselman, seeking the cancellation of two warranty deeds conveying certain property to the said Patti Musselman on the ground of fraud and undue influence. Their second cause of action sought to cancel a mortgage executed by Patti Musselman and her husband in favor of K. L. Laufman, also defendant herein.

The parties will be referred to herein as they appeared in the trial court.

The plaintiffs, in substance, alleged and offered proof that Ollie M. Brown owned a 160-acre farm located in Tulsa county, a house and lot located in the city of Tulsa, and certain personal property; that the approximate value of all of this property was $20,000; that on July 31, 1937, she died intestate; that the plaintiffs are her sole and only heirs at law; that the defendants were in no way related to her; that the husband of Ollie M. Brown died in 1934; that thereafter, in 1936, Patti Musselman, her husband Henry Musselman, now deceased, and their two children rented the home of Ollie M. Brown and moved into same; that the said Ollie M. Brown retained a room therein and lived with them; that thereafter in the summer of 1936 the said Ollie M. Brown became ill, and during the early part of November, 1936, was confined to the hospital for a short period of time; that thereafter she returned home for several days and again entered the hospital about November 20, 1936; that on November 28, 1936, two warranty deeds, purporting to be executed by Ollie M. Brown on November 18, 1936, and conveying the two pieces of property, together with all the buildings thereon and the contents therein, to Patti Musselman, were placed of record in Tulsa county; that the consideration shown in each of the deeds was "Ten ($10.00) Dollars and love and affection"; that during the illness of Ollie M. Brown the defendant Pattie Musselman refused to let the relatives visit with her; that none of the relatives were notified of her death; that a cousin of the deceased was refused permission to view the body; that all funeral arrangements were made and the funeral conducted by Patti Musselman and her husband without notice to or consultation with any of the relatives. They further alleged that said deeds were obtained by fraud and undue influence and therefore void.

The evidence further discloses that in February, 1937, J. J. Seals, who had rented the Brown farm for a number of years, prepared an agricultural lease and took it to her for signature; that in the presence of Patti Musselman, Ollie M. Brown advised him that Henry Musselman was now taking care of her business and directed him to see Mr. Musselman; that the next day Mr. Musselman delivered the lease to Seals signed by himself, he having drawn a line through the name of Ollie M. Brown and inserted his own. About a week before her death, in a conversation with the husband of Nelle Sullivan, a cousin, Ollie M. Brown discussed the question of whether or not she could get water for her farm and whether or not it would be possible to make the same arrangements that she had the year before.

As a second cause of action the plaintiffs alleged that the mortgage covering the property located in the city of Tulsa, executed by Patti Musselman and her husband in favor of the defendant K. L. Laufman on May 1, 1937, was fraudulent and void, and that he had notice and full knowledge of the situation and the invalidity and illegality of said deed; that same was placed thereon to cloud the title to said premises.

F. J. Bays, administrator of the estate of Ollie M. Brown, deceased, filed a petition in intervention adopting the allegations contained in plaintiffs' petition and prayed for possession of said property for the purposes of administration.

The defendants Patti Musselman and her two daughters answered by way of general denial, and then specifically de-

nied each allegation of fraud and undue influence.

The defendant K. L. Laufman adopted the allegations and the answer of Patti Musselman, and further denied that said mortgage was invalid or that he had notice or any knowledge of the invalidity or illegality of the deed by which the title was vested in Patti Musselman.

A demurrer to the evidence was sustained by the court, and the plaintiffs appealed.

They contend that this state of facts was sufficient to make a prima facie case of confidential relationship, of fraud and undue influence, and require the defendants to go forward with the proof, making a full disclosure of all the facts and circumstances surrounding such conveyances and show that they acted in perfect good faith, and that the decedent intended to and did make the transfers as gifts.

The defendants raise no other proposition, but are content to answer the sole contention made by the plaintiffs. It would serve no useful purpose to point out the various and sundry indicia of confidential relationship disclosed by the foregoing statement of facts. However, we call attention to the proof as to the inadequacy of consideration. Unquestionably, such a relation existed between the decedent and grantee, Patti Musselman, and her husband.

Fraud and undue influence by one occupying a position of confidence is difficult of proof by a third party by reason of the very nature of the relationship, and also the fact that persons who practice fraud and undue influence generally do so in a secretive manner. Such proof, when a confidential relationship exists, is particularly difficult where, as here, the party against whom the fraud or undue influence was perpetrated is dead.

While it is ordinarily true that fraud and undue influence will not be presumed, because generally people are honest and just in their dealings and will not practice fraud or undue influence, and while it is also ordinarily true that fraud and undue influence must be proven by clear, cogent, and convincing testimony, however, one occupying a position of confidence and trust should and will be required to make a full and complete disclosure showing his good faith in transactions between the parties. Such transactions are subject to very close scrutiny. It is natural that one will seek to serve his own interests as against the interests of another; so it is to be expected that in any transaction each party thereto will accept the benefits of his influence or power to drive an advantageous deal. One occupying a confidential relationship in transactions between himself and the one reposing the confidence has an obligation to himself and also owes a duty to the one with whom he is dealing, and, therefore, an unfair advantage in favor of the one in whom confidence is reposed will be presumed. In the case of Weitz v. Moulden, 109 Okla. 119, 234 P. 583, this court held:

"When confidential relations existing between two persons result in one having an influence over the other, and a business transaction takes place between them, resulting in a conveyance to a person holding the influence over him, the law presumes everything against the transaction and leaves the burden of proof upon the person benefited to show that the confidential relation has been as to that transaction suspended, and that it was as fairly conducted as between strangers."

In the case of McDaniel v. Schroeder, 128 Okla. 91, 261 P. 224, this court held:

"Where the parties stand in the relationship of trust and confidence, and the party in whom the confidence is reposed obtains an apparent advantage over the other in a transaction between them, such transaction is presumed to be void, and the burden of proof is upon the party who seeks to support it to show by clear proof that he has taken no advantage of his influence and that the transaction is fair and conscientious."

In this connection see, also, Cardenas et ux. v. Ortiz, 29 N. M. 633, 226 P. 418; Haggerty v. Key, 100 Okla. 238, 229 P.

548; Teague v. Murphy, 91 Okla. 116, 216 P. 475; Lewis v. Schafer, 163 Okla. 94, 20 P. 2d 1048; Rollison v. Muir, 163 Okla. 266, 21 P. 2d 1062; White v. Morrow, 187 Okla. 72, 100 P. 2d 872.

We find from this record that the plaintiffs showed that the Musselmans occupied a confidential relationship to the decedent; that the transaction complained of was between the parties to the relationship; that an inadequate consideration was paid; that this showing made a prima facie case in their behalf and cast upon said defendants the duty to go forward with the testimony and make a full disclosure; that the trial court committed error in sustaining the demurrer of said defendants, for which this cause should be reversed.

The mortgagee, defendant K. L. Laufman, adopted the answer of the other defendants, but in addition thereto denied specifically any knowledge of the relationship existing between the Musselmans and the decedent, and denied any lack of good faith on his part; on the contrary, he averred that he loaned the money and took the mortgage in good faith and without notice of any infirmity or knowledge of the confidential relationship. The plaintiffs offered no proof sufficient to show notice on his part or that he was not in fact innocent in his transaction. Except for the fact that the court sustained the demurrer interposed by the Musselmans, the mortgagee, Laufman, would have been obliged to go forward with his proof. He took his mortgage from one who, according to the proof, obtained title to the land while occupying a position of trust and confidence and who paid an inadequate consideration; this state of facts gave rise to a presumption that the title was fraudulent, and cast the duty upon the mortgagee to make a full disclosure in support of his contention that he was innocent and acted in good faith and without knowledge of any fraud. The demurrer of the defendant Laufman should have been overruled.

This cause is reversed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. CORN, V. C. J., absent.