JONES v. JONES et ux.

No. 31244. April 11, 1944.

Rehearing Denied May 23, 1944.

*148 P. 2d 989.*

Bierer & Bierer, of Guthrie, and Keaton, Wells & Johnston, of Oklahoma City, for plaintiff in error.

Adams & Barnes, of Guthrie, for defendants in error.

GIBSON, V.C.J. This action was instituted in the district court of Logan county by Charlie W. Jones against Arthur W. Jones and his wife to establish a constructive trust in land. Judgment was for defendants, and plaintiff appeals.

The appeal seeks reversal on the ground that the judgment was against the clear weight of the evidence.

According to the petition, plaintiff was the owner of two quarter sections of land in Logan county. On June 15, 1934, he executed two deeds, each describing one of said quarter sections, and one naming therein as grantee his son, the defendant Arthur W. Jones; the other, his son Alton J. Jones. The instruments were placed of record in March, 1939.

It is further charged that said deeds were executed and delivered pursuant to an oral agreement between all the parties that the grantees in the deeds would reconvey to plaintiff at any time on his request, and, in the meantime, would aid plaintiff financially as his needs demanded, and would pay the expense of his last illness and his funeral. The sole purpose of the conveyances, it is alleged, was to relieve plaintiff of the management of the farms and to make disposition thereof in event of his death prior to reconveyance, and that said agreement was the sole inducement and consideration for the conveyances.

It is further charged that Alton J. Jones kept his promise and reconveyed on plaintiff's request, but the defendant refused to abide by the agreement, and is now claiming title to the land described in the deed aforesaid.

It is alleged that a confidential and fiduciary relationship existed between plaintiff and his two sons, and that the refusal of the defendant to abide by the agreement was a violation of that relationship, and constituted constructive fraud upon plaintiff, entitling him to a decree establishing a constructive trust in the land for his benefit, and canceling said deed.

By his answer defendant claimed the land in fee simple, and alleged that he was in possession thereof. He denied that any confidential relationship existed between him and plaintiff, and charged that the consideration for the conveyance was that he had aided plaintiff in acquiring the farm, and in addition agreed orally to aid plaintiff during his lifetime, and to pay plaintiff's funeral expenses and the expense of his last illness. He denied any agreement to reconvey.

A constructive trust falls within that classification of trusts which are said to arise by operation of law (60 O. S. 1941 § 136-3). The principal element in such trusts is fraud in their inception whereby one obtains title to land to his inequitable advantage and thereby becomes a trustee ex maleficio (Oliphant v. Rogers, 186 Okla. 70, 95 P. 2d 887); or such trust may arise where land is taken in good faith but later retained in violation of a confidential or fiduciary relationship. 65 C. J. 223, sec. 14; see, also, Wright v. Logan, 179 Okla. 350, 65 P. 2d 1217; Restatement of the Law of Restitution, sec. 182.

However, since trusts of this character have their foundation in oral agreements and may be established by parol evidence as an exception to the operation of the statute of frauds, the courts have always been reluctant to decree such a trust except on clear, unequivocal, and decisive evidence. The rule is stated in Oliphant v. Rogers, supra, as follows:

"A constructive trust may be established by parol evidence, but the proof must be of the most satisfactory kind. The evidence must be clear, unequivocal, and decisive."

The trial court's general finding was against plaintiff on all issues.

The judgment was, therefore, that the defendant Arthur W. Jones did not agree to reconvey the land to his father on request, and that no confidential relationship existed between the parties.

There was the further issue injected into the case by the evidence that defendant had agreed to divide the land among all plaintiff's children in event plaintiff failed to demand reconveyance before his death. But that issue is not urged here by plaintiff.

We are to determine, therefore, not whether the judgment of the trial court was against the clear weight of the evidence, but whether too broad an application was made of the rule that the evidence in such case must be clear, unequivocal, and decisive. In cases of this character, as stated in Renegar v. Bruning, 190 Okla. 340, 123 P. 2d 686, the judgment of the appellate court should not lightly displace the judgment of the trial court which had the advantage of observing the witnesses on the stand.

Plaintiff's own testimony tended to support the allegations of his petition, while the testimony of defendant was just as positive to the contrary. The latter stated that he had agreed in consideration for the deed to aid his father financially as his needs demanded; and he exhibited checks and receipts to indicate that he had kept his promise in that respect. He claimed title to the land at all times subsequent to the execution of the deed, although, by agreement with his brother Alton who was in possession, he had devoted the income from the farm to the payment of taxes and in aiding his father.

Plaintiff's testimony to the effect that defendant had agreed to reconvey on demand was corroborated by two grandsons of plaintiff and nephews of defendant, and by defendant's mother, who was then divorced from plaintiff.

On the other hand, defendant presented four witnesses, three of whom appeared disinterested, who testified that plaintiff had assured them that he had deeded the land to his two sons, Arthur and Alton, and expected them to keep it as their own.

There was other evidence in the form of a verified answer filed by plaintiff in other litigation wherein he stated that he did not own the land in question. Then there is testimony by depositions

230

on the part of others that plaintiff's reputation for truth and veracity was not good.

In view of the above evidence we cannot say that the trial court erred in holding that plaintiff had failed to establish the oral agreement to reconvey by clear, unequivocal, and decisive evidence.

In addition to the necessity of establishing said agreement, it was also necessary to establish a confidential or fiduciary relation between plaintiff and defendant, since there is lacking here the element of positive fraud accompanying the alleged promise to reconvey (Oliphant v. Rogers, supra). On that issue there is evidence that plaintiff generally favored his sons Arthur and Alton over his other children and looked to them to some degree for aid in connection with the work and management of the farms. There is little or no indication that he placed their judgment above his own.

The relationship of parent and child does not of itself always and necessarily create a fiduciary relation between the parties as that term is used in connection with the creation of a constructive trust. See 65 C. J. 485, sec. 229.

From the evidence in this case the court found in effect that no confidential relationship existed between the father and his son. We cannot say that such finding is not supported by the evidence.

We cannot say that the latter issue was established by clear, unequivocal, and decisive evidence.

The judgment is affirmed.

RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. CORN, C.J., dissents.