STONER et al. v. FARBER.

No. 35899.

Supreme Court of Oklahoma.

Oct. 6, 1953.

Rehearing Denied Nov. 3, 1953.

See, also, 251 P.2d 1039.

Merle G. Smith, Guthrie, for plaintiffs in error.

Carmon C. Harris, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is a suit of equitable cognizance whereby J. G. Farber, as plaintiff, seeks to vacate, as in fraud of creditors, a certain quitclaim deed executed by the defendant, Elbert S. Stoner, and his wife to the defendant, Jennie Stoner. The parties will be referred to as they appeared in the trial court.

The defendant, Jennie Stoner, was the owner of the entire surface of a 157.40 acre tract of land in Logan County, Oklahoma, together with an undivided 7.40 acre interest in the minerals thereunder, when on December 26, 1948, she conveyed all of her estate in said lands, except for a life estate reserved from said conveyance, to her six daughters and her one son, Elbert S. Stoner, a defendant herein, in equal shares. On January 3, 1951, the said Elbert S. Stoner and his wife executed a quitclaim deed covering his 1/7th undivided interest in said realty, thus acquired, to his said mother, Jennie Stoner. This deed was recorded on January 24, 1951. The purpose of the instant suit is the avoidance and cancellation of this latter deed. Said deed recites a consideration of "($1.00) One Dollar and Other Good and Valuable Consideration and Love and Affection."

On January 15, 1951, in an action in the District Court of Oklahoma County, Oklahoma, the plaintiff, J. G. Farber, recovered a judgment for $7,000 and court costs taxed at $20 against said Elbert S. Stoner. A certified copy of that judgment was filed with the clerk of the District Court of Logan County on February 19, 1951. On March 2, 1951, this suit was filed, seeking the cancellation of the above described deed from Elbert S. Stoner and his wife to Jennie Stoner for the reasons,

"That said purported conveyance was made without a fair and valuable consideration and that the defendant Jennie Stoner is not an innocent purchaser by reason of her knowledge of said indebtedness to the plaintiff and by reason of lack of payment of consideration. Further, the plaintiff alleges that the consideration of love and affection is not proper or sufficient consideration and that the conveyance was made for the purpose of defeating the plaintiff as a creditor, is a fraud upon the plaintiff, was made in bad faith and for the purpose of hindering, delaying, and defrauding plaintiff as creditor and is void."

Plaintiff further prayed that his judgment be decreed to be a first lien upon said lands.

A trial to the court resulted in judgment for plaintiff as prayed for and the defendants have perfected this appeal. All assignments of error are argued under the following proposition, founded upon the provisions of 24 O.S.1951 § 11, to wit:

"Any person in this State indebted to other persons shall have the right to prefer one or more of such creditors in good faith to secure a valid debt, which preference may be manifested by payment, by mortgages, either real or chattel, or by the transfer of personal property or real estate".

Whether or not plaintiff was entitled to judgment is dependent upon the application of the above cited statutory provision and of 24 O.S.1951 § 10, which is as follows:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding

creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

Each of the cited statutes embodies a sound principle of law. The determination of which one is controlling is dependent upon the factual situation in each case, as disclosed by the record. At the trial of the instant case, only one witness, the defendant, Jennie Stoner, was produced by both parties, to establish the facts in issue. Her testimony was to the effect that she knew nothing of the Oklahoma County action against her son, Elbert S. Stoner, until the day he attended the trial of it; that, upon his return, he told her that judgment had been rendered against him for $7,000; that he then gave her the deed to the property, which is here involved; that some time later, because of his giving the land back to her, she thought it would be the right thing to do and she did give him credit for $1,000 on some $14,000 indebtedness he owed her. She also testified that she paid him nothing for the reconveyance and that there were no federal revenue stamps put on the deed.

Under the provisions of section 10, above quoted, a deed is void as to creditors in either of two situations. First, when made without a fair and valuable consideration. Second, when made in bad faith or to hinder, delay or defraud creditors. The petition in the case at bar contained allegations of both conditions. However, this court has always held that the latter provision of the statute was not applicable in the absence of proof of insolvency of the grantor in the deed under attack. "In addition to these elements insolvency was essential to their consideration on the question of fraud, and necessary to a prima facie case." Security State Bank of Comanche v. Lockett, 185 Okl. 320, 93 P.2d 756, 758; Jacks v. Dunham, 188 Okl. 353, 108 P.2d 1020. In the case at bar, no evidence of the solvency or insolvency of Elbert S. Stoner is in the record.

We next consider the first provision of the statute (lack of consideration). Following the earlier case of Wimberly v. Winstock, 46 Okl. 645, 149 P. 238. this court, in the case of Lucas v. Coker, 189 Okl. 95, 113 P.2d 589, 590, reaffirmed the rule that,

"In a suit in equity, attacking a conveyance of lands as fraudulent against creditors, the fact that the parties to the conveyance are related by blood or marriage does not, of itself, establish fraud in such transfer; but such fact of relationship may be considered in connection with other evidence, tending to impeach the transaction; and in such case, especially if between near relations, who are members of the same household, the transactions will be given much closer scrutiny than if between strangers."

and in the case of Harry v. Hertzler, 185 Okl. 151, 90 P.2d 656, it was held that,

"Under the first part of [24 Okl.St. 1951 § 10], any conveyance of real estate, made without a fair and valuable consideration, is void as against all parties to whom the maker of the conveyance is indebted or under any legal liability. This is true regardless of whether or not the creditor has reduced his claim to judgment and irrespective of fraudulent intent or insolvency of the maker at the time of conveyance."

In the case now before us, the testimony sufficiently supports the conclusion that the deed in question was given "without a fair and valuable consideration" in violation of 24 O.S.1951 § 10, supra. The fact that the deed bore no federal revenue stamps is of little legal significance but, as evidence, it clearly points to the conclusion that the parties to it considered any consideration for its execution as negligible. The judgment of the trial court was not against the clear weight of the evidence. Being so, it will not be disturbed by this court on appeal.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, WILLIAMS, and BLACKBIRD, JJ., concur.