FARBER v. STONER et al.

No. 35919.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Rehearing Denied Dec. 8, 1953.

Carmon C. Harris, Oklahoma City, for plaintiff in error.

Merle G. Smith, Guthrie, for defendants in error.

DAVISON, Justice.

This is a suit of equitable cognizance whereby J. G. Farber, as plaintiff, seeks to vacate, as in fraud of creditors, certain deeds of conveyance executed by the defendant, Elbert S. Stoner, and his wife, to the defendant, Motie M. Trent. It is a companion case to that of Stoner v. Farber, 263 P.2d 159, decided by this court on October 6, 1953. The parties will be referred to as they appeared in the trial court and, where applicable, portions of the opinion in the former case above will be copied herein.

The defendant, Elbert S. Stoner, and his wife, by warranty deed dated January 2, 1951, conveyed a 160 acre tract of land in Logan County, Oklahoma, to the defendant, Motie M. Trent. Said grantors conveyed to said grantee, by quitclaim deed dated January 3, 1951, all of their interest in another 160 acre tract in the same county. The defendants are brother and sister. Both deeds were filed for record on January 22, 1951. The purpose of the instant suit is the avoidance and cancellation of these deeds.

On January 15, 1951, in an action in the District Court of Oklahoma County, Oklahoma, the plaintiff, J. G. Farber, recovered a judgment for $7,000 and court costs taxed at $20 against the said Elbert S. Stoner. A certified copy of that judgment was filed with the clerk of the District Court of Logan County on February 19, 1951. On September 6, 1951, this suit was filed seeking, in two causes of action, the cancellation of the above described deeds, upon practically identical grounds, which, in the first cause of action, were stated in the following words, to-wit:

"That the defendant Motie M. Trent is the sister of defendant Elbert S. Stoner and that the defendant Motie M. Trent is not an innocent purchaser, did not pay a fair consideration of the defendant Elbert S. Stoner, and said defendant had notice that the plaintiff is a creditor of the defendant Elbert S. Stoner and that said conveyance was made in bad faith and for the purpose of hindering, delaying and defrauding the plaintiff creditor, and is therefore void."

Plaintiff further prayed that his judgment be decreed to be a first lien upon said lands.

A trial to the court resulted in judgment for defendants and plaintiff has perfected this appeal. All assignments of error are argued under the following proposition, to-wit:

"Point 1: The plaintiff is a creditor of the defendant, Stoner, within the purview of Title 24, Section 10, Okl. St.1941, making the law against fraudulent conveyances apply to this case."

The statutory provision referred to in said proposition is as follows:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

In the instant case, as in the companion case above referred to, there is no allegation or proof of insolvency of the defend-

ant, Elbert S. Stoner. As was said in that case,

"Under the provisions of section 10, above quoted, a deed is void as to creditors in either of two situations. First, when made without a fair and valuable consideration. Second, when made in bad faith or to hinder, delay or defraud creditors. The petition in the case at bar contained allegations of both conditions. However, this court has always held that the latter provision of the statute was not applicable in the absence of proof of insolvency of the grantor in the deed under attack. 'In addition to these elements insolvency was essential to their consideration on the question of fraud, and necessary to a prima facie case.' Security State Bank of Comanche v. Lockett, 185 Okl. 320, 93 P. 2d 756, 758; Jacks v. Dunham, 188 Okl. 353, 108 P.2d 1020. In the case at bar, no evidence of the solvency or insolvency of Elbert S. Stoner is in the record."

Therefore, plaintiff's only right to the relief sought must be founded upon the absence of a fair and valuable consideration for the conveyances. The record discloses that the defendant Motie M. Trent paid to her brother, the defendant, Elbert S. Stoner, the sum of $13,500 as the purchase price for three tracts of land, two of which are those here involved. That was approximately $50 per acre and the fairness of that consideration is in nowise denied. Of the amount of purchase price, the defendant Trent borrowed some $10,000 from her mother, Jennie Stoner, and, after the sale, the defendant Stoner paid his mother some $8,500 on his own indebtedness to her. The record does not disclose any collusion in these transactions. With the remainder of the money, he paid other debts. This he had a right to do.

The evidence was not sufficient to meet the burden of proof placed upon plaintiff in such a suit. A concise statement of the applicable rule of law is contained in the case of Jacks v. Dunham, 188 Okl. 353, 108 P.2d 1020, as follows:

"In an action by a creditor to set aside an alleged fraudulent conveyance on grounds not unlawful per se, the plaintiff, in order to establish a prima facie case, must prove insolvency of the grantor on the date of the execution of conveyance, or show want of fair and valuable consideration therefor."

The judgment of the trial court was proper and is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, WILLIAMS, and BLACKBIRD, JJ., concur.