Emma V. SHAW et al., Plaintiffs In Error,

v.

Don O. SHAW et al., Defendants In Error.

No. 36194.

Supreme Court of Oklahoma.

March 29, 1955.

Rehearing Denied April 26, 1955.

Appeal from the District Court of Lincoln County; C. C. Curry, Judge.

Action to have constructive trust imposed upon real estate standing in name of defendant. Judgment for defendant and plaintiffs appeal. Affirmed.

P. D. Erwin, Chandler, for plaintiffs in error.

Dale B. Sutton, Walter G. Wilson, Chandler, for defendants in error.

ARNOLD, Justice.

Plaintiffs, Emma V. Shaw, the surviving widow, Robert E. Shaw, a son, and William Shaw, Louise Gilbreth, and Joan Grimes, children of a deceased son and grandchildren of E. B. Shaw, deceased, brought this action in the District Court of Lincoln County against Don O. Shaw, son of E. B. Shaw, deceased, and his wife, Emma V. Shaw, and brother of Robert E. Shaw, alleging that during his lifetime said E. B. Shaw for the purpose of properly and equitably distributing his property after his death among his heirs and to provide for the care and support of his wife, on July 21, 1947, executed a warranty deed, which his wife also signed, without consideration, conveying a certain quarter section except the oil, gas and mineral rights on the south one-half thereof, to defendant Don O. Shaw to hold in trust for said purposes; that E. B. Shaw had died intestate in November, 1949, and no administration had been had of his estate; that plaintiffs and defendant are the sole and only heirs of said E. B. Shaw; that in 1951 defendant had leased said premises for oil and gas purposes and production had been had thereunder; and prayed that defendant be decreed to hold title to said real estate in trust for plaintiffs in accordance with the share each would be entitled to as heir of E. B. Shaw, deceased, and that the lessees be required to impound the oil and gas royalty payments and account to plaintiffs for their respective shares therein.

Defendant answered denying generally the allegations of plaintiffs' petition, alleging the execution and delivery of the warranty deed to the real property in question without reservation or trust agreement of any kind, and that the property was given him by decedent for the purpose of making equitable division of his property during his lifetime, and alleging conveyances made to plaintiff Robert Shaw by decedent of other tracts of land in conformity with such purpose.

Plaintiffs' evidence is to the effect that E. B. Shaw acquired a number of tracts of land during his lifetime; that at the time of his death in 1949 he was about 73 years of age; that while his health had begun to fail some five of six years before his death he remained active mentally, continued to drive his car and carry on his business of buying and selling mules, although to a limited extent, was a good business man and had a mind of his own up to his death; that he had three sons, plaintiff Robert Shaw, defendant Don O. Shaw, and a son who had predeceased him; that William Shaw, Louise Gilbreth, and Joan Grimes were the children of said deceased son; that the deceased had always reposed trust and confidence in his sons; that deceased during his lifetime had traded in real estate and from time to time would put certain tracts in the name of one of his sons, and at his request the sons would reconvey such tracts; that about a year prior to his death he deeded a mineral interest in a tract of land in Okfuskee County and the home place to plaintiff Robert Shaw; plaintiffs offered evidence to the effect that at the time of the conveyance by deceased to plaintiff Robert Shaw of said two tracts of land the deceased had told his son Robert that he was trusting Robert, as well as his son Don on the property conveyed to Don, to take care of their mother during the remainder of her life and at her death to divide the property equitably and according to law among the heirs and that he expected and trusted Robert and Don to carry out his wishes; this evidence was objected to by defendant on the ground that it was incompetent, irrelevant, and immaterial and in violation of 12 O.S.1951 § 384 (commonly known as the "dead man's statute") and this objection was sustained by the court; that at the time deceased deeded the land here in question to defendant it was leased for agricultural purposes and deceased collected the rentals thereon during the term of the lease; that after deceased's death defendant leased the land for agricultural purposes and turned over the rentals to his mother, and also turned over to her the lease bonus which he received for the oil and gas lease; that this money, and also a sum of money found in the house at his father's death, and the proceeds of an insurance policy were all deposited to Emma V. Shaw, deceased's.

widow's account in the bank; that plaintiff Robert O. Shaw leased the land in his name and deposited the lease bonus to his mother's account; that after the death of deceased the grandchildren made demand for a share of deceased's property and Emma V. Shaw took the lease bonus money paid into her account by Don Shaw, defendant, and divided it among them; that after production was obtained on the land here in question plaintiff Robert Shaw and the grandchildren of deceased who were the children of the deceased son made demand upon defendant to divide the property here in question; that defendant first offered to give the grandchildren a fourth, Robert Shaw a fourth, and keep a half and give his mother money as she needed it, then stated if he did that the grandchildren would have to repay to their grandmother the $1,200 which she had given them, to all of which they agreed, but defendant withdrew his offer and refused to convey the property; that defendant claimed his father had intended for him to have all the property and that he was not supposed to divide it with the other heirs.

Defendant's evidence is to the effect that he received the deed to the land here in question in the mail sometime in July, 1947 (the original deed, which was introduced in evidence, shows it was recorded on July 21, 1947, and was returned after recordation to Don O. Shaw), which was the first time he had seen it; that he just glanced at it and put it among his papers; that about a year later he happened to be looking through his papers, found the deed, and saw that the mineral interest was incorrectly described; all of this testimony was objected to by plaintiffs on the ground that defendant was an incompetent witness to testify as to a transaction with his deceased father, which objection was overruled by the court; defendant identified a mineral deed on the property from him and his wife to decedent, and a mineral deed on the property from decedent and his wife to defendant, which deeds were introduced in evidence and which convey the minerals under the north half of said quarter section to defendant (the original deed had recited that an undivided one-half interest in the minerals under the whole quarter section were conveyed to defendant); that decedent was able to drive a car the day before he died, and worked steadily up until 6 months before his death; that decedent collected the agricultural rent from the land here in question for 1947, and after that defendant collected the rents and turned them over to his father and after that to his mother, and gave his mother the lease bonus money because she asked him for the money; that he had borrowed $600 from his father and mother sometime in 1948 or 1949 and had repaid it; that defendant rented the place in 1948 and succeeding years; defendant testified, over objections to his competency, that he had never held land in trust for anybody; that when his mother asked him for money he gave it to her without question; that he gave his mother the rent money to live on; that when his brother and the grandchildren approached him about giving them a part of the property in question he told them that they had no interest in it whatsoever, but if he was going to give it away he would give it to the persons he wanted to give it to; that there was no estate to divide; disinterested witnesses testified as to the execution of the deed by decedent and his wife, and as to statements made to them by decedent that he was giving the property in question to defendant and making a fair division of his property before his death so his sons would be satisfied, that Don (defendant here) was to receive the property here in question and Robert (the other living son and plaintiff) would receive the other property owned by decedent, including the home place.

At the close of all the evidence the court sustained defendants' demurrer to the evidence and motion for a directed verdict and entered judgment accordingly.

 Plaintiffs contend that Robert E. Shaw and Emma V. Shaw were competent witnesses and that defendant Don O. Shaw was not, and that the court erred in refusing the proffered testimony of Robert Shaw to the effect that when his father deeded him the property which he, the witness, received his father told him he was trusting him to take care of his mother during her

lifetime and at her death divide the property among the heirs, and that Don Shaw, defendant, was to handle the property conveyed to him in the same manner. This proffered testimony, being out of the presence of defendant, was clearly hearsay and properly excluded, without regard to the competency of the witness to testify to a transaction with a deceased person. Trent v. Trent, Okl., 270 P.2d 953. Likewise the proffered testimony of Emma V. Shaw to the effect that she expected to receive the agricultural rents and income from the oil wells on the premises on account of the fact that her husband, decedent, had so arranged and provided by some understanding with the defendant, Don O. Shaw, is also hearsay. Furthermore, both Robert E. Shaw and Emma V. Shaw, who acquired title to their cause of action, if any, from deceased, were incompetent to testify as to communications or transactions with the deceased because Don O. Shaw, defendant and the adverse party, was the grantee and assignee of said deceased and defended as such. Conklin v. Yates, 16 Okl. 266, 83 P. 910.

Plaintiffs object to the testimony of defendant identifying the deed which he received to the property in question and which he stated he received through the mail. In Trent v. Trent, supra, we held that a witness incompetent to testify concerning a transaction with a deceased person was not incompetent to identify written instruments executed in connection with the transaction by which title was obtained. Furthermore, the deed was recorded and shows on its face that it was mailed to defendant. This alone presumptively shows delivery, and plaintiffs do not here contend that the deed was not delivered. They also object to his testimony that he had never held land in trust for anybody, arguing that this was an indirect effort to show that the deed was not a trust deed. In Clammer v. Fullerton, Okl., 259 P.2d 823, we held that the inhibition of the statute is leveled at persons asserting a cause of action, not, as here, against persons asserting a defense to a cause of action.

Plaintiffs assert that the evidence does not sustain a gift to defendant; that no consideration was plead or proven. Love and affection are certainly a valid consideration, and the deed itself recites a consideration. For that matter, the evidence is clear that defendant accepted the gift if it were one and the finding of the court, which inheres in the judgment, that if it were a gift that all elements of a valid gift inter vivos were present is not clearly against the weight of the evidence.

Plaintiffs argue that the transaction was presumptively fraudulent and the presumption was not overcome by sufficient evidence. The evidence is undisputed that decedent was active mentally up to the date of his death, and that he was a man not easily influenced and one who made up his own mind. There is total absence of evidence of fraud here. The relationship of parent and child does not of itself create a fiduciary or confidential relationship between the parties. Jones v. Jones, 194 Okl. 228, 148 P.2d 989. The judgment of the trial court on the point is not clearly against the weight of the evidence.

Plaintiffs also argue that the deed was void as being a testamentary deed. The deed is absolute in its terms, contains no reservations, and conveyed the present fee simple title to defendant. The evidence shows that defendant after receiving the deed asserted dominion over the property, renting it and collecting rents.

Lastly, plaintiffs argue that a constructive trust is established where the evidence shows that the beneficial interest in the property was not intended to be vested in the grantee. In this connection they urge that the fact that defendant turned the agricultural rents and lease bonus over to his mother show that he knew he was not to enjoy the beneficial interest in the land. The evidence on the point is that when defendant received the deed the land was under a two-year agricultural lease, for which his deceased father collected the rents; that in 1949 defendant rented the land to a tenant and turned the rents over to his father and mother; that his father died in 1949 and thereafter defendant gave his mother the agricultural rents to live on and the lease bonus money because she asked

him for it. Plaintiffs' testimony is to the effect that both Robert and Don would have looked after and supported their mother, whether there had been any property given to them by their father or not. The burden of establishing a constructive trust is on him who seeks its enforcement and the evidence must be clear, unequivocal and decisive. Johnson v. Rowe, 185 Okl. 60, 89 P.2d 955; Parsons v. Crawford, 193 Okl. 537, 145 P.2d 932; Allen v. Jones, 188 Okl. 546, 110 P.2d 911. The evidence here does not meet that standard, and the judgment of the court is not clearly against the weight of the evidence.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, BLACKBIRD and JACKSON, JJ., concur.