Myrtle Gee PHILLIPS, Administratrix of the Estate of J. S. Phillips, Deceased, Plaintiff in Error,

v.

Eddie L. PHILLIPS and Josiah Phillips, Defendants in Error.

No. 40570.

Supreme Court of Oklahoma.

Oct. 6, 1964.

Richardson & Cavanagh, E. L. Richardson, Lawton, for plaintiff in error.

Charles W. Jennings, Lewis F. Oerke, Lawton, for defendants in error.

HALLEY, Vice Chief Justice.

Parties will be referred to by name or as in the trial court.

J. S. Phillips was a carpenter and contractor in the City of Lawton, Oklahoma. He was the owner of Lots 1 and 2 in Block 66, North Addition to the City of Lawton. His first wife was a joint owner of this property by virtue of joint tenancy survivorship deed. She died on February 13, 1957. Neither she nor J. S. Phillips had any children. He came from a large family and had numerous brothers and sisters and also many nieces and nephews. There were two nephews of whom he was very fond. They were Eddie L. Phillips and Josah or Josiah Phillips who were the sons of brothers of J. S. Phillips. Josiah was the son of Sam Phillips.

On September 30, 1957, J. S. Phillips executed a warranty deed in which he conveyed title to the above mentioned lots to the defendants. In the deed the grantees were named Eddie L. Phillips and Josah Phillips (rather than Josiah). J. S. Phillips retained a life estate in the lots.

J. S. Phillips executed a will on the same day and about the same time the deed was executed. The evidence is not definite but it was probably prepared and signed thirty to forty minutes before the deed.

J. S. Phillips married Myrtle Gee on July 29, 1959. He brought this action to cancel the deed to Eddie L. and Josah Phillips on July 18, 1960. On his death his wife was appointed administratrix of his estate and was made party plaintiff in this action. She appealed from an adverse judgment.

On November 11, 1960, in a proceeding by Eddie L. Phillips to probate the will of J. S. Phillips the County Court of Comanche County held that the will signed by J. S. Phillips on September 30, 1957, had been revoked by an instrument executed by J. S. Phillips on July 15, 1960, and that it had also been revoked by virtue of his marriage to Myrtle Gee.

The evidence in the case at bar shows that Eddie L. Phillips was an unusually devoted nephew. He visited his uncle about every year. He took him to his home in Detroit, Michigan, and kept him for about ninety days. He saw that he went to the Ford Hospital near Detroit for treatment. He took him to Texas and Louisiana to doctors who the uncle thought might help him. Josiah was also of help to his uncle but not as much so as Eddie.

The record here is completely devoid of any evidence that either of the defendants ever over influenced, over persuaded, defrauded or in any way took advantage of their uncle, J. S. Phillips.

The plaintiff has raised three propositions in her brief, none of which has any merit in our judgement.

The first proposition is:

"Where inadequacy of consideration and a confidential relationship are shown, there must be a full and complete disclosure showing absolute good faith by the one holding such position of confidence."

■ At the outset we are not impressed with this contention. This was a conveyance by an uncle to his two nephews. No claim was made that there was or had to be any consideration other than love and affection. We have held that they were valid consideration for a deed. Shaw v. Shaw, Okl., 282 P.2d 748, and Higgins v. Pipkin, Okl., 360 P.2d 231.

■ A confidential relationship was not shown to have existed between J. S. Phillips and his nephews. Certainly there was mutual respect and fondness of a blood kinsman. But even if there had been a confidential relationship we find no evidence that showed any wrongdoing on the part of the two nephews who had been deeded these lots. There was no fraud or suspicious circumstances connected with the execution of the deed in question. It was prepared by the lawyer of J. S. Phillips and of his own choosing. This attorney testified that Mr.

Phillips told him to draw up the deed. J. S. Phillips signed it and took the deed to a notary public in another office and acknowledged it.

 In 26 C.J.S. Deeds § 64, this rule is found which we think is applicable here and that is:

"The mere existence of kinship between grantor and grantee, whether by affinity or consanguinity, does not necessarily give rise to a confidential relationship, or warrant invalidation of the deed for undue influence, the validity of the deed depending on whether there actually was a confidential relationship and whether such relationship was abused."

The above rule is sustained by our case of Bush v. Bush, 142 Okl. 152, 286 P. 322 and also in Higgins v. Pipkin, supra.

We have held that the relationship of parent and child and brother and sister did not in itself create a confidential relationship. Jones v. Jones, 194 Okl. 228, 148 P.2d 989, and Wadsworth v. Courtney, Okl., 393 P.2d 531.

The cases cited by the plaintiff on this point are: Haggerty et al. v. Key et al., 100 Okl. 238, 229 P. 548; Weitz v. Moulden, 109 Okl. 119, 234 P. 583; McDaniel v. Schroeder, 128 Okl. 91, 261 P. 224; Owens et al. v. Musselman et al., 190 Okl. 199, 121 P.2d 998; Toone v. Walker, 115 Okl. 289, 243 P. 147; Hildebrand v. Harrison, Okl., 361 P.2d 498. They are so different on the facts from the case at bar that they are of no help.

Plaintiff's proposition Two that the verdict was contrary to the evidence and to the law applicable in this case has really been answered in our first proposition. It is quite evident from the record that when J. S. Phillips executed this deed he wanted his two nephews to have this property at his death. He made Eddie Phillips a beneficiary in a life insurance policy after giving the deed. Although never executed these nephews were willing that their uncle get the benefits of a $2,500.00 mortgage on the lots. They were under no duty to give the deed back.

 As to plaintiff's third proposition which was:

"There was no valid consideration for the deed.",

we said in our discussion of proposition One that love and affection were enough consideration for a deed and that this was a conveyance from J. S. Phillips to his nephews and there is no attempt to prove otherwise. Again we say, there is no evidence of fraud or overreaching or misplaced confidence. It is one of purely equitable cognizance under Shaw v. Shaw, Okl., 282 P.2d 748. We have read the record and weighed the evidence. The judgment of the trial court is affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.