**CITY NATIONAL BANK & TRUST COMPANY, Administrator of the Estate of T. J. McComb, Deceased, Plaintiff in Error,**

**v.**

**Louise McComb CONRAD and Oklahoma City Federal Savings & Loan Association, a corporation, Defendants in Error.**

**No. 40770.**

Supreme Court of Oklahoma.

July 12, 1966.

Walter D. Hanson, of Hanson & Peterson, Oklahoma City, for plaintiff in error.

Lee Gill, Oklahoma City, for defendant in error, Conrad.

PER CURIAM:

Plaintiff in error, administrator of the estate of T. J. McComb, deceased, hereinafter referred to as administrator, sought a declaratory judgment against defendants in error Louise McComb Conrad, hereinafter referred to as Mrs. Conrad, and Oklahoma City Federal Savings & Loan Association, hereinafter referred to as Association, determining that an investment share account registered with Association in the name of deceased and Mrs. Conrad, as joint tenants, in an amount in excess of $6500, and $4,364.52 formerly on deposit with Fidelity National Bank & Trust Company in a joint tenancy account in the name of deceased and Mrs. Conrad, were assets of the estate. Administrator pleads that the transactions creating the joint tenancies were made for the purpose of facilitating the payment of living expenses of deceased, were purely a matter of convenience, and were made without donative intent by deceased. The trial court held for the defendant except as to $807.79 which had been tendered to administrator by Mrs. Conrad.

Administrator contends that the judgment of the trial court is not sustained by the evidence and is contrary to law, and that the trial court erred in the admission of the testimony of Mrs. Conrad as to her conversations and transactions with deceased.

The material facts shown by the evidence are that the deceased, T. J. McComb, was a retired attorney and actuary, suffered a heart attack in May, 1955, and was hospitalized for about a month then, that he did not return to his office thereafter, that he looked after his own affairs with the assistance of an auditor until his shoulder was injured in a fall on May 15, 1960, for which he was hospitalized for about a day and a night, that he was again hospitalized on May 22, 1960, and then became a resident of a nursing home from May 26, 1960, until his death on August 15, 1960, at which time he was approximately 80 years of age. He left as his sole and only heirs at law his children, T. M. McComb, Priscilla McComb Sharp and Mrs. Conrad. Both joint tenancy accounts were created subsequent to May 26, 1960, by the customary signature card agreement signed by deceased and Mrs. Conrad, and deceased was the source of all the funds. Mrs. Conrad did not withdraw any funds until after the death of her father. She testified, over the objection of the administrator, that her father expressed a desire to give her the investment share account and the funds constituting the joint tenancy account but at her suggestion, the joint tenancy arrangements were made, and that deceased read, signed and approved both joint tenancy agreements. The County Court of Oklahoma County, Oklahoma, made an order on November 29, 1960, after issuing a citation to Mrs. Conrad, to the effect that administrator should make every effort to determine the correct ownership of the joint tenancy accounts and, if it determined that the accounts belonged to the estate, proper demand should be made on Mrs. Conrad, and, upon her refusal, administrator was authorized and empowered to institute the necessary suit to effect recovery on behalf of the estate.

Administrator's complaint as to the sufficiency of the evidence is based on the con-

tentions that deceased was the source of all the funds, that Mrs. Conrad suggested the joint tenancy arrangement, that deceased was a man of advanced years, that there was a blood relationship between deceased and Mrs. Conrad, that Mrs. Conrad did not treat the funds as belonging to her during deceased's lifetime, and that the order of the County Court authorizing the suit was prima facie evidence of the estate's ownership of the property.

This is a case of equitable cognizance and this court will examine and weigh evidence, but the judgment of trial court will not be disturbed unless it appears that such judgment is against the clear weight of the evidence. Roddy v. Roddy, Okl., 288 P.2d 1117; Phillips v. Phillips, Okl., 395 P.2d 803.

The controlling question is whether person creating account intentionally and intelligently created essential elements of joint ownership and survivorship. Dyer v. Vann, Okl., 359 P.2d 1061; Hendricks v. Grant County Bank, Okl., 379 P.2d 693. The fact that deceased was the source of all funds, that Mrs. Conrad suggested the joint tenancy arrangements, that deceased was a man of advanced years, that there was a blood relationship between deceased and Mrs. Conrad, and that Mrs. Conrad did not treat the funds as belonging to her during deceased's lifetime are all circumstances which assist in determining the intention but none are controlling. Green v. Comer, 193 Okl. 133, 141 P.2d 258; Barton v. Hooker, Okl., 283 P.2d 514; Hadwiger v. Melkus, Okl., 365 P.2d 726; Stoner v. Farber, Okl., 263 P.2d 159. The order of the County Court in the matter of the estate of the deceased is not, in our opinion, such order for disclosure as would be prima facie evidence of the right of the administrator to the accounts, under 58 O.S.1961, Sec. 294. Upon weighing the evidence, it is our opinion that the judgment of the trial court was not against the clear weight of the evidence. This would be

true, under the evidence, even if the order of the County Court was considered prima facie evidence of the administrator's right to the property.

Administrator also contends that the trial court erred in admitting the evidence of Mrs. Conrad as to her conversations and transactions with the deceased. It fails to set out with any particularity the testimony to which objection is made, therefore violates Rule 15 of this court, and should be disregarded. However, in the interest of justice, we have examined the testimony of Mrs. Conrad as to her conversations and transactions with deceased. The admission of this testimony is not contrary to 12 O.S.1961, Sec. 384, popularly known as the "deadman's statute". The inhibition in this statute is directed against persons asserting cause of action, title to which was acquired immediately from deceased person, and not against person asserting a defense to such cause of action. In re Fullerton's Estate, Okl., 375 P.2d 933; Livingston v. Bonham, Okl., 308 P.2d 657; Shaw v. Shaw, Okl., 282 P.2d 748; Clammer v. Fullerton, Okl., 259 P.2d 823; Berry v. Janeway, 206 Okl. 555, 245 P.2d 71. Administrator relies on Hickman v. Barrett, 175 Okl. 262, 52 P.2d 40, in which this court stated that the exclusion of offered evidence of a defendant as to his transactions with the deceased in an action by an executor against him was correctly refused by the trial court. That case is hereby expressly overruled insofar as it is in conflict with this decision.

Affirmed.

The Court acknowledges the services of Special Master DENVER W. MEACHAM, who with the aid and counsel of Special Masters EVERETT M. ARNEY and JOHN DONLEY, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to JACKSON, V. C. J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.